[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT v. HILDERBANDO TOBON-ARBOLEDA
 DATE OF SENTENCE May 1, 1991 DATE OF APPLICATION May 15, 1991 May 20, 1991 DATE OF DECISION March 24, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury. Docket No. CR900073109S.
Francis J. Discala, Esq., Defense Counsel for Petitioner
Devin Stilson, Esq., Ass't. State's Attorney for the State
BY THE DIVISION CT Page 4323
The petitioner plead guilty under the Alford doctrine to one count of Conspiracy to Commit the Sale of Certain Illegal Drugs in violation of Conn. Gen. Stat. Sec. 53a-48 and21a-278 (a). He was sentenced to thirteen years to serve.
The facts show that between Dec. 4, 1989 and March 15, 1990, an undercover officer with the Danbury police met with Carlos Galeano and purchased quantities of cocaine on five separate occasions. On one such occasion, Carlos Galeano requested the undercover officer to drive him to the house of his supplier. On March 22, 1990, the undercover officer arranged to meet with Galeano and his supplier at the Danbury Mall for the purchase of a kilogram of cocaine. There, the undercover officer and Carlos Galeano met with Sergio Galeano and the petitioner, and a package of suspected cocaine was retrieved from the glove compartment of the petitioner's car. Additional police units intervened and Carlos Galeano, Sergio Galeano and the petitioner were arrested. The brick-like package later tested positive for the presence of cocaine and police believe that the petitioner Hildebrando Tobon-Arboleda, was the supplier of cocaine to Carlos Galeano.
Counsel for the petitioner noted that his client plead guilty under the Alford doctrine. He argued that although his client plead as a non-drug dependency person, he still was eligible to be considered under P.A. 89-390 and therefore eligible for the services of CADAC. Petitioner's attorney stated that the sentence imposed was extremely severe citing his anecdotal experiences with similar cases that went to sentence. Since the sentence was disproportionate, it constituted cruel and unusual punishment as prohibited by our state and federal constitutions. As an example of his argument counsel pointed out that one of the co-conspirators who was charged with six counts received only seven and one-half years. Petitioner addressed the panel indicating that he was not a drug dealer and that he had worked constantly since he has come to the United States.
In addressing the division, the assistant state's attorney pointed out to the division that the sentencing judge took into consideration the petitioner's cooperation with the government and considered the fact that the petitioner was drug-dependent. To support his position, he pointed to the record where the court discussed that if he [the petitioner] had a drug problem . . . "he can address it through one of the various [penal] institutions . . .". Counsel emphasized to the division that the petitioner was a supplier of cocaine and that he was arrested for the sale of a kilo of cocaine which amounted to 2.2 pounds of cocaine for distribution to the community. CT Page 4324
In its sentencing remarks the court took note of its sentencing obligations as defined by our legislature and stated ". . . that cocaine is one of the menaces of society." The court was not impressed with the petitioner's work record, or with his contact with his family.
The division must be guided by P.B. 942 in rendering its decision. Considering the vast amount of drugs involved and the pernicious impact on society caused by drug dealers in general, and especially those who deal in large quantities, we find that the sentence is neither inappropriate or disproportionate. As a proper sentence it does not violate the cruel and unusual provisions of our federal and state constitutions.
NORKO, J. PURTILL, J. STANLEY, J.
Norko, J., Purtill, J. and Stanley, J. participated in this decision.